UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

Case No. 3:25-CV-146-MMH-MCR

(To be filled in by the Clerk)

<u>KEITH LAMAR JOLLY</u>           )
      *Plaintiff(s)*           )
*(Write the full name of each plaintiff*  )
*who)is filing this complaint. If the*   )
*names of al )the plaintiffs cannot fit*  )
*in the space above please write*     )
*"see Attached" in space and attach*   )
*an additional page with the full list*  )
*of names.*                )
RICKY DIXON, SEC. FDOC., et. al.   )
<u>CENTURION HEALTH INC LLC, et al</u>  )
      *Defendant(s)*          )
*(Write the full name of each defendant* )
*who) is being sued. If the names of*   )
*all the) defendants cannot fit in the*  )
*space above )please write "see attached"* )
*in the space) attach an additional page* )
*with the full list of*           )

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

(Prisoner Complaint)

---

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*; the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last fourth digits of a financial account number.

Except as noted in this form, plaintiff need not sent exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must e accompanied by the filing fee or an application to proceed in forma pauperis.

---

1

I.  **The Parties to This Complaint**

A.  **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Keith L. Jolly |
| All other names by which you have been known: | _____ |
| ID Number | 286108 |
| Current Institution | Union Correctional Institution |
| Address | Raiford         Florida      32083 |
| | City              State         Zip Code |

B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Ricky Dixon, et al |
| Job or Title *(if known)* | Secretary Florida Department of Corrections |
| Employer | Florida Department of Corrections 501 South Calhoun St. |
| Address | Tallahassee       Florida   32399 |
| | City                State     Zip Code |
| | [X] Individual capacity    [ ] Official capacity |

2

Defendant No. 2

| | |
|---|---|
| Name | Centurion Health Inc. LLC, et al |
| Job or Title *(if known)* | Health Care Provider |
| Shield Number | None |
| Employer | Paddock Park Prof. Bldg |
| Address | 3200 S.W. 34th Avenue, Bldg. 700, Suite 701 |
| | Ocala           Florida |
| | *City            State* |
| | [X] Individual capacity   [ ] Official capacity |

## ll.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state of local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." *Under Bivens v. Six Unknown Named Agents of Federal bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a Bivens claim)

[X] State or local officials (§ 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) does your claim is/are being violated by state or local officials?

In this action Plaintiff sues Defendants for their unconstitutional deprivation of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution and all corresponding constitutional rights relevant thereto.

C.   Plaintiff suing under *Bivens* may only recover for the violation of

3

certain constitutional rights.  If you are suing under Bivens, what constitutional right(s) do you claim is/are being violated by federal officials? <u>None applicable</u>

D.   Section 1983 allows defendants to be found liable only when they have acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. 1983.  If you are suing under section 1983; explain how each defendant acted under color of state law.

**Defendant Ricky Dixon:**

Defendant Dixon is the current Secretary of the Florida Department of Corrections. He was appointed in January, 2019, replacing former Secretary Mark Inch. As Secretary of Florida Department of Corrections, Defendant is responsible for the overall operation of the Department of Correction, including the operations of Florida's prison system in compliance with the Constitution. Defendant has a non delegate able duty to provide constitutionally adequate medical care to all prisoners in his custody.

As Secretary of the Department of Corrections any action of Department of Corrections, its agents, or employees is imputed on Defendant. This Defendant has statutory authority implement the relief sough in this complaint.  The actions of Defendant and his employees and agents were performing under color of state law and constitute state action.  Plaintiff contends that Defendant Dixon has failed his duties as Secretary in violation of Plaintiffs constitutional rights under the Eight and Fourteenth Amendments of the United States Constitution as alleged in Plaintiff's Statement of Claim infra.  See Statement of Claim infra.

**Defendant Centurion Health Inc.**

Defendant Centurion Health Inc. is the current contracted health care

provider with Defendant (FDOC) to provide medical treatment for Plaintiff and all prisoners in the custody of the Department of Corrections. Defendant Centurion has failed to carry out his contractual duties as Health Care Provider to Plaintiff and other state prisoners in violation of Plaintiffs constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution as alleged in Plaintiff's Statement of Claim infra.

### III.   Prisoner Status

[ ] Pretrial detainee

[ ] Civilly committed detainee

[ ] Immigration detainee

[X] Convicted and sentenced state prisoner

[ ] Convicted and sentenced federal prisoner

Other *(explain)*_____

### IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. If multiple claims are asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

<u>None Applicable</u>

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose. In this case at bar Plaintiff submits that the events giving rise to these claims arose in an institution to wit Union Correctional Institution and states as follow:

5

**Defendant Ricky Dixon:**

**Eighth Amendment Violation:**

Defendant Ricky Dixon has intentionally subjected Plaintiff to cruel inhuman punishment by denying Plaintiff any medical treatment in a timely manner for his cellulitis infection. Plaintiff is a 63 years old man who came into the custody of Defendant Dixon in the year of 2017. In the year of 2018 Plaintiff was initially diagnosed as having cellulitis in his leg nevertheless, more than seven years has passed without Defendant implementing any rules or policy which would ensure Plaintiff timely medical treatment for his infection. Plaintiff submits that he currently faces imminent danger of losing his right leg and possibly his life due to gangrene settling in his leg stemming from the cellulitis infection.

Thus, Plaintiff claims, Defendants while acting under color of state law has acted with deliberate indifference to Plaintiff's serious medical needs for treatment of Plaintiff's cellulitis infection whereas:

1. When Plaintiff filed his appeal to Defendant Dixon the denial of his grievance at the institutional level Defendant Dixon failed to take any actions to provide Plaintiff with any medication for his cellulitis infection. Dr. Loirens responded in to the grievance stating simply that inmates are not allowed to demand any special type of medication. Defendant Dixon's response to Plaintiff's grievance was "response given by Dr. Loirens on 6/13/24 appropriately addresses the issue you presented." Defendant Dixon has a practice policy and custom of not taking any measures to go against the recommendations of the health care provider under any circumstances.

2. Defendant Dixon has procrastinated for more than seven years before approving a transfer of Plaintiff to a hospital for medical treatment of his cellulitis. On January of 2025 Defendant Dixon finally approved the long needed medical transfer of Plaintiff to Memorial Hospital in Jacksonville, Florida for treatment of Plaintiff's cellulitis infection. It was at that time

6

doctors at Union Correctional informed Plaintiff that the cellulitis had caused gangrene to set in his leg.

3. The treatment Plaintiff received is not a cure for his cellulitis infection but a mere treatment which may delay the effects of the infection notwithstanding the fact that there are certain available antibiotics that will effectively cure the infection if timely provided.

4. Defendant Dixon has implemented a practice, custom, and policy of allowing its contractual health care provider with unfettered discretion to prolong providing any medical treatment in a timely manner for Plaintiff's serious medical needs.

5. Defendant Dixon has entered into a contract with Defendant Centurion Health as the health care provider for Plaintiff and all other inmates in the custody of (FDOC). The said contract allows Defendant to practice an policy, custom which inadequately deny Plaintiff medical treatment for his cellulitis infection in a timely manner.

6. Defendant's policy, practice, and custom of allowing procrastination of medical treatment for Plaintiff's serious medical needs has resulted in Plaintiff enduring years of pain in his leg with enormous swelling, skin sores, gangrene and constant fever, all of which has severely affected Plaintiff's ability to do any per-long standing and walking.

**Denial Fourteenth Amendment Due Process**

Plaintiff is a disabled prisoner having a disability with cellulitis infection which affects his ability to work. Yet, Defendant Ricky Dixon has exercised the practice, policy and custom of deliberately denying Plaintiff his constitutional due process rights relevant to Plaintiff's rights under the American with Disability Act whereas, Defendant has deliberately denied Plaintiff adequate medical treatment for his cellulitis disability.

**Defendant Centurion Health Inc.:**

**Eighth Amendment Claim:**

Defendant Centurion Health has intentionally subjected Plaintiff to cruel inhuman punishment by denying Plaintiff any medical treatment in a timely manner for his cellulitis infection. Defendant Centurion has no reasonable excuse for delaying medical treatment to Plaintiff's serious medical needs relevant to his cellulitis infection. Therefore, Plaintiff contends that Defendant Centurion acts are unconstitutional pursuant to the Eighth Amendment pursuant to the following:

1.  Defendant Centurion has implemented a practice, custom, and policy of delaying any medical treatment in a timely manner for Plaintiff's serious medical needs.

2.  Defendant Centurion while acting under color of state law has acted with deliberate indifference to Plaintiff's serious medical needs for treatment of Plaintiff's cellulitis infection whereas: Defendant has procrastinated over seven years before providing Plaintiff any medical treatment for his cellulitis infection.

3.  Defendant Centurion has entered into a contract with (FDOC) which would allow Defendant to unconstitutionally deny Plaintiff any medical treatment for his cellulitis infection in a timely manner.

4.  Plaintiff after suffering for nearly three years with constant pain swelling and skin sores from his cellulitis infection Defendant Centurion did for several weeks provided Plaintiff with pain shots which did relieve his pain to a minimum. But weeks later Defendant cancelled all pain medication for Plaintiff thus, causing Plaintiff to again suffer constant pain in his right leg from the cellulitis infection.

5.  At no time prior to the year 2024 did Defendant provide Plaintiff with any type of medication for treatment of Plaintiff's cellulitis infection.

6.  It was not until January of the year 2025 did Defendant provide any type of antibiotics medication to Plaintiff. The said medication was not a cure for cellulitis but a mere treatment which would delay to effects of the cellulitis notwithstanding that there is antibiotics which would will completely cured the infection.

7.  Defendant's policy, practice, and custom of allowing procrastination of medical treatment for Plaintiff's serious medical needs has ultimately resulted in Plaintiff enduring gangrene, years of pain in his right leg with enormous swelling, skin sores and constant fever, all of which has severely affected Plaintiff's ability to do any per-long standing and walking.

**Denial Fourteenth Amendment Due Process**

Plaintiff is a disabled prisoner having a disability with cellulitis infection which affects his ability to work. Yet, Defendant Centurion has deliberately denied Plaintiff his constitutional due process rights relevant to Plaintiff's rights under the American with Disability Act whereas, Defendant has deliberately denied Plaintiff adequate medical treatment for his cellulitis disability.

**V.  Injuries Sustained**

Defendants' delay in approving timely medical treatment for Plaintiff's serious medical needs has resulted in Plaintiff having developed gangrene, permanent damage to the lymphatic vessel causing permanent swelling of his leg with constant pain in his leg and skin sores. Plaintiff submits that the infection has result to gangrene and possibly of spreading the infection to other parts of his body including vital organs; with lost of his leg and possibly his life if not treated with proper medication in a timely manner. Plaintiff also claims that he has suffered severe mental anguish from the failure of Defendants

VI. Relief

## INJUNCTIVE RELIEF

Plaintiff seeks injunctive relief in the context of prohibiting Defendants from continued procrastination when providing Plaintiff timely effective medical treatment for his cellulitis infection and all related ailments relevant thereto. Plaintiff also seek this same relief regardless as to where he is housed in the custody of (FDOC) for the remainder of his custody.

## COMPENSATORY DAMAGES

Plaintiff seeks compensatory damages in the amount of $175,000.oo dollars from Defendants for the great physical pain suffering, and discomfort Plaintiff has endured for more than three years.

## PUNITIVE DAMAGES

Plaintiff seeks punitive damages in the amount of $200,000.oo dollars from Defendants for Defendants intentionally inflicting great physical pain, suffering with mental anguish over the years.

## COST OF LITIGATION

Plaintiff seeks attorney fees, and all cost incurred for litigation expenses.

VII.  **Exhaustion Of Administrative Remedies Administrative   Procedures**

    A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

    Yes at Union Correctional Institution, Raiford, Florida supra.

    B.    Does the jail, prison, or other correctional facility where your claim(s) arose have grievance procedure?

    [x]☐Yes

    [ ]☐No

    [ ]☐Do not know

    C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

    [x]☐Yes

    [ ]☐No

    [ ]☐Do not know

    If yes, which claim(s)?

    <u>Failure to timely provide medical treatment for cellulitis infection</u>

    D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

    [x]☐Yes[1]☐

    [ ]☐No

    If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    E.    If you did file a grievance:

    1. Where did you file the grievance?

<u>Union Correctional Institution & Central Office DOC, Tallahassee, Florida.</u>

2. What did you claim in your grievance?

<u>Failure to timely provide medical treatment for Hepatitis C infection</u>

3. What was the result, if any?

<u>Denied.</u>

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

<u>Appeal was properly taken to the highest administrative level, Tallahassee, Florida DOC.</u>

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action of appeal in a court of the United States that was dismisses on the grounds that it is frivolous, malicious, of fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g)

In this case at bar, Plaintiff claims that he faces imminent danger of losing his life due to Defendants deliberate indifference to Plaintiff's serious medical needs as explained supra.

Plaintiff has not previously filed any law suits dealing with the same facts in any court state nor federal.

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, is certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: February 7, 2025

Signature _Keith L Jolly - D.c 286106_

| Prison Address | Union Correctional Institution P.O. Box 1000 | | |
|---|---|---|---|
| | Raiford | Florida | 32083 |
| | *City* | *State* | *Zip Code* |

### B. For Attorneys

Date of signing: _____

Signature of Attorney_____

Printed Name_____

Bar Number_____

Name of Law Firm_____

Address _____

_____     _____     _____
*City*                                  *State*                                *Zip Code*

Telephone Number     <u>None available</u>     E-mail Address     <u>None available</u>

## OATH

I, Keith L. Jolly, do hereby certify under the penalty of perjury on this 7th day of February, 2025, that I have read the foregoing 1983 civil rights complain and that each and all of the facts set forth and alleged therein are true and correct.

*Keith L Jolly 286108*

Keith L. Jolly, #286108, pro se
Union Correctional Institution
P.O. Box 1000
Raiford, Florida 32082